■ RAYMOND RILEY et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Claim No. 67151.) — Order unanimously affirmed, without costs. Memorandum: Claimants appeal from the denial of their motion for permission to file a late claim and dismissal of their action on the ground that the applicable statutory limitation period had expired. The claim alleges that in 1947 claimants purchased rings which had been enlarged with radioactive gold; that claimant Elizabeth Riley wore hers until January, 1965 when her left ring finger, diagnosed as cancerous, was amputated; that it was not until 1981, after hearing reports of jewelry containing radioactive gold, that they had Elizabeth Riley's ring examined and discovered it to be radioactive; and that they brought this action soon thereafter.

Claimants set forth two causes of action, the first in ordinary negligence, claiming that defendants negligently stored and disposed of radioactive gold, thus permitting it to enter the marketplace, and negligently failed to warn the public of the danger, and the second in fraud, claiming that defendants intentionally withheld information from the public, thereby falsely representing, by their failure to warn, that the risk to the public's health did not exist. The ordinary negligence cause of action became time barred in 1968, three years after Elizabeth's last exposure to the harmful substance in January, 1965 (see *Fleishman v Lilly & Co.,* 62 NY2d 888; *Martin v Edwards Labs.,* 60 NY2d 417; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008, cert den 456 US 967). The fraud cause of action is merely another aspect of the negligence cause of action and thus falls with it; the alleged fraudulent conduct of failing to warn is the same as that underlying the negligence cause of action (see *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287; *Quinn v Hoover & Strong,* 96 AD2d 1145, 1146; cf. *Angie v Johns Manville Corp.,* 94 AD2d 939, 940). In any event, the alleged fraudulent concealment by the State could not have occurred until after 1967 when, according to plaintiffs, the State first learned that radioactive gold may have been used in jewelry. This was after claimant Elizabeth Riley's last exposure to the radioactivity and after the amputation of her finger; thus, the State's alleged concealment could not have contributed to her injury.

Claimants argue that the State should be estopped from asserting the Statute of Limitations because its failure to reveal the hazard when it first learned of it prevented claimants from instituting this action. We reject this argument. The rule is that "[a] party against whom a claim exists is not, without more, under a duty to inform the injured party thereof, and such failure to inform does not constitute the kind of fraudulent concealment which gives rise to an estoppel" (*Jordan v Ford Motor Co.,* 73 AD2d 422, 424). The claim here alleges mere failure to inform and not active fraudulent concealment such as would warrant an estoppel (cf. *Simcuski v Saeli,* 44 NY2d 442). Nor does a fiduciary relationship exist between defendants and claimants such as would give defendants an obligation to inform claimants of the facts underlying the claim (see, generally, *Jordan v Ford Motor Co., supra,* p 424). (Appeal from order of Court of Claims, Moriarty, J. — late notice of claim.) Present — Dillon, P. J., Hancock, Jr., Green, Moule and Schnepp, JJ.