■ JAMES CORNELL et al., Individually and as Guardians of JOSEPH A. LETO and Others, Infants, Respondents, v EXXON CORPORATION et al., Appellants.—Mikoll, J. Appeals (1) from that part of an order of the Supreme Court (Smyk, J.), entered May 2, 1989 in Broome County, which partially denied the motion of defendant Carmelina D. Chauncy for summary judgment dismissing the complaint and denied the cross motion of defendant Exxon Corporation for summary judgment dismissing the complaint, and (2) from that part of the judgment entered thereon.

The primary questions presented on this appeal are whether (1) Supreme Court properly ruled that a question of fact exists as to when plaintiffs' negligence cause of action accrued, (2) plaintiffs' conduct constituted an express assumption of risk barring their negligence claim, (3) plaintiffs' sufficiently stated a cause of action in negligence, and (4) Supreme Court correctly ruled that questions of fact exist with respect to the claim of defendant Exxon Corporation for contractual indemnity from defendant Carmelina D. Chauncy. We conclude that the answers to questions 1, 3 and 4 are in the affirmative while the answer to question 2 is in the negative. The order and judgment of Supreme Court, insofar as appealed from, should therefore be affirmed.

The facts pertinent to this case are as follows. On May 30, 1980, plaintiff Patricia Cornell experienced a period of temporary blindness which she suspected might be related to a gasoline odor contained in the well water at her residence in the Town of Glen Aubrey, Broome County. A subsequent investigation by the Department of Transportation (hereinafter DOT) revealed that the water was contaminated with gasoline traced to underground storage tanks owned by Exxon and located at a gas station, K & C Garage, owned by Chauncy. On June 14, 1980, DOT installed the first of several double charcoal filters on plaintiffs' well. The filters were

routinely replaced through December 1982. At the time the initial filter was installed, DOT indicated to plaintiffs that the filter "should deal with [their] problem" and that "[i]t should filter out most of it". However, plaintiffs were also advised at that time not to drink the water. Although plaintiffs subsequently attempted to abstain from drinking the water, the record indicates that they continued to use it for bathing, cooking and cleaning purposes.

Eventually, in September 1982, a sample taken from an observation well was found to be clean and in December 1982 a replacement well was installed. Plaintiffs then used that well. However, up to that point, Patricia Cornell experienced facial swelling and severe headaches and her husband, plaintiff James Cornell and plaintiffs' three children, experienced periodic mouth lesions and other physical symptoms. Patricia Cornell had complained of her symptoms previously to a physician in September 1981 and was hospitalized for the same symptoms in June 1982.

On December 16, 1984, plaintiffs, individually and on behalf of their children, commenced this action alleging in their complaint causes of action for negligence, trespass and nuisance. In their answers, defendants asserted various affirmative defenses and Chauncy cross-claimed against Exxon for contribution and/or indemnification.* Exxon also asserted a cross claim against Chauncy for contractual indemnity. Subsequently, Chauncy moved and Exxon cross-moved for summary judgment dismissing plaintiffs' complaint. Supreme Court granted Chauncy's motion with respect to plaintiffs' second cause of action for trespass, but denied both motions in all other respects. These appeals ensued.

Supreme Court properly ruled that a factual question exists as to the accrual date of plaintiffs' cause of action for negligence. A cause of action arising out of an injection, ingestion or inhalation of a chemical substance accrues on the date of the last exposure to the substance (see, Martin v Edwards Labs., 60 NY2d 417, 426; Bikowicz v Nedco Pharmacy, 130 AD2d 89, 92). In this case, the record contains evidence that, despite the use of the filters, the well water to which plaintiffs and their children were exposed after June 14, 1980 and as late as December 1981 contained benzene, toluene and xylene. DOT's records indicate that the first clean sample was obtained in September 1982. Accordingly, Chauncy failed to

---

* Three other defendants were named in the suit but by stipulation they were dismissed as parties.

establish that plaintiffs were last exposed to the contaminated well water more than three years prior to the commencement of this action *(see,* CPLR 3018 [b]; *Martin v Edwards Labs., supra,* at 428).

Chauncy's argument that there is insufficient medical evidence in the record to sustain plaintiffs' claim that their children sustained personal injuries is also rejected. Plaintiffs' bills of particulars and affidavit state that the children experienced sickness as a consequence of the contaminated water. Plaintiffs therefore stated sufficient facts to permit them to present proof of such allegations at trial.

Further, Chauncy's contention that plaintiffs' negligence cause of action is barred because plaintiffs expressly assumed the risk of injury by continuing to use the contaminated water after they were told not to is not persuasive. Except where public policy forbids an agreement limiting liability, an express assumption of risk may be a complete defense barring recovery *(see, Arbegast v Board of Educ.,* 65 NY2d 161, 170). However, there must be proof that a plaintiff had knowledge of the risk and voluntarily agreed to assume it *(see, supra,* at 171). Here, there is an absence of evidence indicating that plaintiffs were instructed not to use the well water for purposes other than drinking or that they were aware, at that time, of the potential health risk. While there is evidence in the record that after the filters were installed plaintiffs were told not to drink the water, there is also evidence that they were told that the filters "should deal with [their] problem". Thus, factual questions are present requiring jury resolution *(see, supra,* at 171).

Defendants both argue that plaintiffs failed to sufficiently state a cause of action for nuisance because of plaintiffs' failure to state evidentiary facts supporting their claim of damage to property. We reject this argument. Plaintiffs did adequately allege damages for nuisance in their complaint and bill of particulars, namely, that their use of their property was diminished, that they were required to tolerate drilling operations, the installation of pipes, and the operation of pumps and filters in and around their property. Plaintiffs also asserted that they suffered physical sickness, emotional and mental distress, and that they continue to suffer emotional and mental distress. Additionally, plaintiffs have stated some factual support for the claimed damages. Thus, it appears that plaintiffs sufficiently stated a cause of action for nuisance.

Chauncy also claims that since plaintiffs discovered their

water supply was contaminated with bacteria upon purchasing their property, the subsequent gasoline contamination is irrelevant on the issue of detriment to their property. This claim is unpersuasive. As Supreme Court noted, bacterial contamination of a water supply can be neutralized by the use of chlorine treatment, while gasoline contamination cannot be treated but must be prevented from entering the water supply. The preexisting bacterial contamination is but a factor to be weighed by a jury in their determination of damages.

Finally, Supreme Court correctly ruled that factual questions are presented which require a trial as to Exxon's claim of entitlement to contractual indemnity from Chauncy. Exxon claims that under paragraph 8 of its "Loaned Equipment and Sign Rental Agreement" with Chauncy, it is entitled to a conditional judgment providing for indemnification by Chauncy in the event that it is determined that Chauncy failed to maintain adequate records. However, as Chauncy points out, paragraph 8 (b) of the same agreement requires that such failure by Chauncy be the proximate cause of the leakage. Further, there is conflicting evidence in the record on the issue of whether Chauncy did in fact maintain adequate records. Clearly, questions of fact, including that of the proximate cause of the leakage, remain for jury resolution.

Order and judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.