OPINION OF THE COURT
Simons, J.
Plaintiffs seek to recover damages for injuries they allegedly sustained as a result of emissions from ureaformaldehyde foam insulation installed in their home in 1977. Defendants are the manufacturers and installers of the insulation. The sole issue is whether plaintiffs’ causes of action for personal injuries are barred by the three-year Statute of Limitations.[1] Because plaintiffs conceded before the trial court that the date of discovery rule of CPLR 214-c should not apply retroactively to their claims, resolution of that question turns on whether accrual under CPLR 214 is measured from the date of injury or from the date of last exposure.[2] We agree with the courts below that the date of injury rule applies and that the causes of action were time-barred. We therefore affirm.
In February 1977, plaintiff Pauline Snyder contracted with defendant Town Insulation to have Rapco brand insulation installed at the home she shared with her son, plaintiff Richard Snyder. The insulation was blown into the walls of the house on March 29, 1977. Plaintiffs allege they began to experience respiratory problems and other symptoms of physical illness "about the date of installation”. It was not until 1981, however, when the Federal Government banned the sale of ureaformaldehyde foam insulation, that the Snyders learned of the emissions and that health hazards were associated with the product. The State Department of Health later determined that formaldehyde was present in the air inside *432 the Snyders’ home. The insulation has not been removed from the dwelling.
On February 1, 1982, nearly five years after the Snyders had the insulation installed, a class action suit against defendants and other installers and manufacturers was commenced in Supreme Court, with the Snyders as members of the putative class of plaintiffs. Defendants do not challenge that the Statute of Limitations in the present action was tolled during the pendency of the class action. On July 19, 1985, Supreme Court denied class certification, and the Snyders instituted this action on December 19, 1986.
Defendants thereafter moved to dismiss the complaint asserting that the Snyders’ causes of action for personal injury accrued on the date of injury and that the action was time-barred (CPLR 214 [5]). Because the Snyders claimed in their pleadings that they were injured "about the date of installation”, defendants contended that the limitations period expired in 1980, at the latest. The Snyders responded that under New York law a cause of action for personal injury arising from the injection, ingestion, or inhalation of a substance accrues on the date of last exposure. Under their theory, Richard Snyder’s causes of action accrued in 1982 when he moved out, and Pauline Snyder’s have not yet accrued because she continues to reside in the house and, presumably, be exposed to the emissions.
 Supreme Court dismissed the complaint, holding that a cause of action for personal injury accrues on the date of injury. The Appellate Division affirmed but added in dicta that the date of last exposure rule applies only to employment-related torts. We agree with both courts that accrual is measured from the date of injury. We find no basis in our decisions, however, for the distinction between injuries arising in the workplace and those arising elsewhere.
An action to recover damages for personal injuries must be commenced within three years from the date of accrual (CPLR 203 [a]; 214 [5]; but see, 214-c). As a general proposition, the cause of action does not accrue until an injury is sustained (Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 300-301; accord, Kronos, Inc. v AVX Corp., 81 NY2d 90; see generally, Siegel, NY Prac §40, at 47 [2d ed]). Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175; *433 Jacobus v Colgate, 217 NY 235, 245; Roldan v Allstate Ins. Co., 149 AD2d 20, 26). The straightforward application of these principles leads to the conclusion that plaintiffs’ causes of action accrued on the date they were first injured. At that moment, all elements of the tort could be truthfully alleged, and they had a colorable claim against defendants.
Plaintiffs contend, however, that our Court has applied a different rule in so-called "toxic tort” cases, where the injury results from injection, ingestion, or inhalation of a substance. In such cases, plaintiffs assert, accrual is marked from the date of last exposure. To support their position, they rely on a statement made in Martin v Edwards Labs. (60 NY2d 417) and our decisions in four earlier cases: Matter of Steinhardt v Johns-Manville Corp. (54 NY2d 1008, cert denied 456 US 967); Thornton v Roosevelt Hosp. (47 NY2d 780); Schwartz v Heyden Newport Chem. Corp. (12 NY2d 212, remittitur amended 12 NY2d 1073, cert denied 374 US 808); and Schmidt v Merchants Desp. Transp. Co. (supra).
There are Appellate Division decisions construing these cases as establishing a date of last exposure rule (see, e.g., Cornell v Exxon Corp., 162 AD2d 892; Riley v State of New York, 105 AD2d 1104; Askey v Occidental Chem. Corp., 102 AD2d 130), but neither Martin nor any of the cited decisions of this Court have done so. For more than a half a century, our cases have uniformly held that such causes of action accrue upon injury.
Indeed, none of the five cases relied upon by plaintiffs dealt with the issue of whether the date of injury or the date of last exposure should mark accrual. They posed the distinctly different question of how accrual should be determined when an injury was latent and went undiscovered until long after exposure.
In Schmidt, a worker commenced a negligence action against his employer, alleging that inhalation of dust on the job resulted in lung disease several years later. He argued that accrual should be marked from the date of the onset of the disease (270 NY 287, 300, supra). We rejected that proposition and restated the traditional rule: "There can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury” (id., at 300). Disease was a consequence of the injury, we said, not the injury itself, and the injury was complete at the moment the dust was inhaled even though plaintiff may not have been aware of it then (at *434 301). Giving the plaintiff the benefit of the doubt that dust inhalation — and thus injury — might have occurred on the last day of his employment, we noted that his employment had ceased more than three years before. Therefore, under any possible view of the evidence, his cause of action was time-barred. Because the parties did not address whether accrual may actually have occurred before the last day, the Court had no need to decide whether the date of injury or the date of last exposure marked the date of accrual.
Nor was the issue raised in Schwartz v Heyden Newport Chem. Corp. (12 NY2d 212, supra). There, in fact, plaintiff had only a single exposure to the harmful substance. The question in Schwartz was whether a discovery rule should apply to a claim that the harm caused by a substance taken at a hospital in 1944 first became apparent 13 years later when cancer was discovered. We once again stated the established rule: "[T]he action accrues only when there is some actual deterioration of a plaintiff’s bodily structure” (at 217). This, we concluded, occurred at the time the substance was introduced into plaintiff’s body. We declined to adopt a discovery rule, and we reiterated that position in Thornton v Roosevelt Hosp. (47 NY2d 780, supra), which addressed the same legal issue. Thus none of the earlier cases supports plaintiffs, and their position ultimately rests on dicta in Matter of Steinhardt v Johns-Manville Corp. and Martin v Edwards Labs.
We first made an explicit, albeit passing, reference to the date of last exposure rule in Matter of Steinhardt v Johns-Manville Corp. (54 NY2d 1008, supra), a case involving employment-related exposure to asbestos. Once again, we declined to adopt a discovery rule and, in so doing, stated: "Plaintiffs now urge * * * that the Statutes of Limitations applicable to their cases should not run from the date of the last exposure to the invading substance, but rather from the date on which the asbestos-related disease was or could have been discovered” (at 1010). Though plaintiffs here claim otherwise, we did not approve a rule of last exposure based upon the language the Steinhardt plaintiffs pressed on us when framing the issue before the Court. Instead, we "reaffirmed] the principle announced in Schmidt and followed in Schwartz” (at 1010). That principle had been stated correctly in the decision of the Appellate Division, the order which we affirmed in Steinhardt: " 'The injury occurs when there is a wrongful invasion of personal or property rights and then the *435 cause of action accrues’ ” (78 AD2d 577, quoting Schmidt, and citing Thornton and Schwartz).
The date of last exposure was also referred to in Martin v Edwards Labs, in a paragraph summarizing prior cases (60 NY2d 417, 426, supra). However, the decision did not apply a last exposure rule, although the opportunity to do so was clearly presented by the facts, but instead relied on the established rule that accrual occurs at injury.
Martin involved two consolidated actions. In the first, the decedent’s representative claimed that the death was caused by the release of Teflon particles into the body from a defective artificial heart valve. In the second, plaintiff asserted that she developed a pelvic infection when a defective contraceptive device allowed entrance of bacteria into her uterus. We held that the proper accrual point was the date of injury, "which will most often be the date when the product malfunctions” (at 428). Accordingly, accrual occurred in the first case when the Teflon particles entered the bloodstream (id.). That explicit holding cannot be squared with a date of last exposure rule. Had last exposure been the law, the cause of action would not have accrued upon entry of the particles but upon the decedent’s death, for he continued to be exposed to the hazardous Teflon flakes (see, 91 AD2d 1172, 1173). Similarly, accrual in the second case occurred at the entry of the bacteria into the uterus, not at the removal of the contraceptive device, the act that logically would have marked the end of exposure. In sum, our holdings have consistently applied the date of injury rule.
Determining when limitations begin to run requires a balancing of policy considerations (Martin v Edwards Labs., 60 NY2d, at 425, supra; Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 403). On one side of the scale are the interests of injured parties. Unquestionably, a Statute of Limitations can have a severe impact on their rights when, for instance, an injury is not discovered until years later. The Legislature has acted to ameliorate the rule in such cases in recent years (see, CPLR 214-c). Conversely, defendants are entitled to a fair opportunity to defend claims against them before their ability to do so has deteriorated (Schwartz v Heyden Newport Chem. Corp., supra, at 218). But under the rule proposed by plaintiffs in this case, a plaintiff would have the power to put off the running of the Statute of Limitations indefinitely. Because of these competing policy considerations, we have been reluctant *436 to modify the law governing limitations, even when a party’s case seems particularly compelling and we have consistently stated that the responsibility for balancing the equities and altering Statutes of Limitations lies with the Legislature (id., at 218-219; accord, Matter of Steinhardt v Johns-Manville Corp., supra, at 1010-1011; Thornton v Roosevelt Hosp., supra, at 782).
Plaintiffs have given us no reason to diverge from that position here. They alleged in their pleadings that the injuries resulting from defendant’s conduct arose "about the date of installation”. Under our precedents, that was the date of accrual because plaintiffs then could truthfully allege all the elements of the tort in their complaint. Thus, the limitations period had clearly run by the time the class action suit was commenced in 1982.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs.

. Seven of the 11 causes of action were dismissed pursuant to CPLR 214 (5). The remaining four were dismissed on other grounds or other limitations provisions and are not at issue on appeal.

. CPLR 214-c, which provides that actions to recover for the latent effects of exposure to toxic substances accrue on the date of discovery, was enacted in 1986 (L 1986, ch 682). Although plaintiffs raised on appeal the possible applicability of CPLR 214-c to their claims, the issue is not properly before us because of plaintiffs’ concession before the trial court.