■ DAVID SILVERMAN et al., Appellants, v NORTH SHORE ENERGY SAVERS, INC., Respondent, et al., Defendants. [609 NYS2d 250] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated February 14, 1992, which granted the motion of the defendant North Shore Energy Savers, Inc., for summary judgment dismissing the complaint insofar as asserted against it. The appeal brings up for review so much of a resettled order of the same court, dated May 29, 1992, as granted the same relief.

Ordered that the appeal from the order dated February 14, 1992, is dismissed, as that order was superseded by the order dated May 29, 1992, made upon resettlement; and it is further,

Ordered that the order dated May 29, 1992, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On August 4, 1979, the plaintiffs contracted with the defendant North Shore Energy Savers, Inc. (hereinafter North Shore), to install foam insulation in all the exterior walls of their home. In the instant action commenced against North Shore in 1987, the plaintiffs alleged that the formaldehyde gases emitted from the foam insulation caused them personal injuries and property damage. North Shore moved for summary judgment, claiming that all of the plaintiffs' causes of action were time-barred and that, in any event, they failed to sustain any injuries. The court determined the date of the plaintiffs' injury to be February 1, 1982. The court, *inter alia,* then granted North Shore's motion and dismissed the plaintiffs' second, third, fourth, fifth, sixth, and eighth causes of action insofar as asserted against North Shore as barred by the three-year limitations period of CPLR 214-c (2), which measures the applicable time period from the date the injury was discovered or, with reasonable diligence, could have been discovered by the plaintiffs.

We agree with the court's conclusion but for different reasons. CPLR 214-c (6) acts as a qualifier, precluding the applica-

tion of CPLR 214-c and the discovery rule to acts, omissions, or failures which satisfy three required criteria. The court found that the plaintiffs' claims satisfied the first two of these criteria, but not the third, i.e., that the action would have been barred under the former applicable three-year period of limitations of CPLR 214. In other words, the court said that the plaintiffs' claims would have been viable if measured from the date of the injury (see, CPLR 214), which it interpreted as the date of the plaintiffs' last exposure to the formaldehyde gases (which, in fact, had not yet occurred because the foam insulation was still in place in the walls of the plaintiffs' home and allegedly still emitting the gases).

According to the recent clarification by the Court of Appeals, the Statute of Limitations would have run against the plaintiffs' claims, even under the old "date of injury" rule of CPLR 214, since they did not commence suit against North Shore until 1987, five years after the 1982 date of injury determined by the hearing court (see, Snyder v Town Insulation, 81 NY2d 429). The Snyder Court said that a personal injury claim accrues when it becomes "enforceable", i.e., "when all elements of the tort can be truthfully alleged in a complaint" (Snyder v Town Insulation, supra, at 432). The Court held that in an exposure case, the date of initial exposure is the date of injury, and it is at this point, therefore, that all the elements of the tort can be alleged, and from which the running of the Statute of Limitations begins. In addition, the Court suggested that a date-of-last-exposure rule would be inappropriate because an exposure victim could delay the running of the Statute of Limitations indefinitely (see, Snyder v Town Insulation, supra, at 435-436).

Evaluating the viability of the plaintiffs' personal injury claims in terms of Snyder results in their bar under CPLR 214, not CPLR 214-c. Since all three criteria of CPLR 214-c (6) are met, the Statute of Limitations governing the claims is not three years measured from the date of discovery but from the date of injury. We see no reason to apply a different period of limitations for the plaintiffs' property claims, as the contamination associated therewith does not sound in the traditional torts of nuisance or trespass. That is so because the plaintiffs were not subjected to the invasion of the formaldehyde gases by a force over which they had no control, as is usually the case in nuisance and trespass situations. Rather, the plaintiffs could have arranged to have the foam insulation removed from the walls of their home. They simply chose not to do so. Their inaction and delay should not entitle them to benefit

from the longer period of limitations of the date-of-last-exposure rule *(see, Snyder v Town Insulation, supra,* at 435-436).

We have examined the plaintiffs' remaining claims, including those relevant to the ninth and tenth causes of action, and find them without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.