■ ROSEMARY GOYETTE, Respondent, v MALLINCKRODT, INC.,

Defendant and Third-Party Plaintiff-Appellant, and FISHER SCIENTIFIC COMPANY, Appellant, et al., Defendant; STERLING DRUG, INC., Third-Party Defendant-Appellant. [612 NYS2d 474] — Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 5, 1993 in Albany County, which denied third-party defendant's motion and certain defendants' cross motions for summary judgment.

From 1966 to 1969, plaintiff was employed by third-party defendant, Sterling Drug, Inc., as a lab aide in the toxicology department where she was exposed to the chemicals xylene, formalin/formaldehyde and benzene. In 1969, she left Sterling to work in a hospital lab. In 1971, plaintiff returned to Sterling and worked in the histology lab where she was exposed to xylene, formalin/formaldehyde, benzene, acetone and methyl alcohol. From 1975 to 1979, plaintiff worked in Sterling's autopsy room where she was exposed to the aforesaid chemicals as well as sodium cyanide. In 1979, plaintiff was transferred to Sterling's clinical chemistry lab where she continued to be exposed to the aforesaid chemicals. In 1981, plaintiff began experiencing numbness, a burning sensation in her face, fatigue and respiratory difficulties, as the result of which she sought medical attention. In August 1984, plaintiff left Sterling and in September of that year she was diagnosed as having an immunological disorder induced by exposure to petro chemicals.

In July 1987, plaintiff commenced this action against, among others, defendants Mallinckrodt, Inc. and Fisher Scientific Company, the manufacturers of the allegedly damaging chemicals, and Mallinckrodt commenced a third-party action against Sterling. After issue was joined and discovery conducted, Sterling moved and Mallinckrodt and Fisher cross-moved for summary judgment on the ground that plaintiff's action was time barred. Supreme Court denied the motions and these appeals ensued. We reverse and grant the motions for summary judgment.

Contrary to plaintiff's contention, a cause of action for wrongful exposure to a toxic substance accrues upon the *initial* exposure to the substance, not the *last* exposure *(see, Snyder v Town Insulation,* 81 NY2d 429; Alexander, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214:5 [1994 Pocket Part, at 67]). Accordingly, unless plaintiff's cause of action is governed by CPLR 214-c, she had three years from the date of her first exposure to the substances complained of to commence her action for

personal injury (see, CPLR 214 [5]). As noted previously, plaintiff initially was exposed to five of the six chemicals complained of beginning in 1971 and was exposed to the sixth substance beginning in 1975. Accordingly, the three-year Statute of Limitations commenced to run no later than 1975 and expired in 1978, nearly a decade before commencement of this action.

Plaintiff contends, however, and Supreme Court found, that this action is governed by the discovery rule of CPLR 214-c for claims based upon exposure to toxic substances. We disagree. While it is true that CPLR 214-c provides that, in exposure cases, the three-year Statute of Limitations begins to run from the earlier of "the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff" (CPLR 214-c [2]), that provision is expressly inapplicable to any pre-July 1, 1986 acts or omissions which caused an injury that was discovered or could have been discovered prior to that date and for which an action would have been time barred because the applicable period of limitation had expired before that date (see, CPLR 214-c [6] [a]-[c]). It is clear that plaintiff's exposure occurred prior to July 1, 1986 and that plaintiff discovered her injuries prior to that date. It is also clear that the then-applicable Statute of Limitations expired sometime in 1978. Because all three criteria of CPLR 214-c (6) have been met, the three-year Statute of Limitations governing plaintiff's claim is measured not from the date of discovery, but rather from the date of injury (see, Silverman v North Shore Energy Savers, 202 AD2d 571). Accordingly, this action is time barred and the motions for summary judgment should have been granted.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion and cross motions granted, summary judgment awarded to defendants Mallinckrodt, Inc. and Fisher Scientific Company and third-party defendant, and complaint and third-party complaint dismissed against said parties.