■ MARY E. JONES, Individually and as Executrix of ELMER L. JONES, Also Known as JACK L. JONES, Deceased, Respondent, v NATHAN TROTTER & COMPANY, INC., Appellant. [615 NYS2d 162] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in failing to dismiss as time-barred plaintiff's complaint to recover damages for personal injury and wrongful death caused by exposure to toxic substances manufactured by defendant and supplied and distributed by it to decedent's employer, Empire Metal Company (Empire Metal). The record establishes that, while working for Empire Metal from 1957 to 1959, decedent was exposed to toxic

substances. Decedent was diagnosed with and treated for pulmonary fibrosis, at the latest, in November 1983, and a biopsy was performed of one of his lungs in March 1985. After the biopsy, decedent was advised that he had lung disease and that the disease was related to his exposure to fumes and toxic gases during his employment. In April 1985 decedent filed a Workers' Compensation claim wherein he stated that he was suffering from pulmonary fibrosis and that the disease was caused by his exposure to particles of non-ferrous metals while he was employed by Empire Metal. In August 1986 the Workers' Compensation Board found that decedent suffered from a permanent total disability arising from his employment with Empire Metal. The Board further found that there was a causal relationship established for mixed dust pneumoconiosis and consequential depression. Plaintiff, individually and as executrix of decedent's estate, commenced this action in March 1992.

Because the action was not commenced within three years of decedent's last exposure to the toxic substances, it was time-barred (see, *Matter of Steinhardt v Johns-Manville Corp.*, 54 NY2d 1008, *appeal dismissed and cert denied* 456 US 967; *see also,* EPTL 5-4.1; *Kelliher v New York City & Hudson Riv. R. R. Co.,* 212 NY 207). CPLR 214-c, which provides that an action based on exposure to hazardous substances must be commenced within three years from the date of discovery of the injury or when the injury should have been discovered, does not alter that result. That section does not apply where the acts occurred and the individual discovered the injury before July 1, 1986, and an action arising from those acts was barred by the applicable period of limitations prior to July 1, 1986 (see, CPLR 214-c [6]; *Goyette v Mallinckrodt, Inc.,* 204 AD2d 881). Moreover, even assuming that CPLR 214-c were applicable, the action would be untimely because it was not commenced within three years of the date decedent discovered that he had sustained an injury from exposure to toxic substances (see, *Johnson v Ashland Oil,* 195 AD2d 980; *Michael v Ametelco, Inc.,* 150 Misc 2d 507, *affd sub nom. Michael v Eastern Alloys,* 175 AD2d 667, *lv denied* 78 NY2d 862). (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Dismiss Complaint.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.