OPINION OF THE COURT
Stephen G. Crane, J.
This is a master decision on the law applicable to some 113 *497 motions pursuant to CPLR 3211 (a) (5) to dismiss product liability claims as barred by limitations.
Decision of the legal issues in these motions is largely informed and controlled by Wallen v American Tel. & Tel. Co. (195 AD2d 417 [affirming for the reasons stated by Saks, J.], lv denied 82 NY2d 659). The plaintiff in Wallen was diagnosed with carpal tunnel syndrome in 1983 but discovered that it related to her employment in 1990. She began a lawsuit in 1991. Invoking the three-year limitation period of CPLR 214 from the date of injury, Justice Saks found Ms. Wallen’s claims barred because her singular condition of carpal tunnel syndrome was manifest since 1983 and she was aware of it from that date. Relevant to many of the arguments made in the memoranda of plaintiffs in the cases at bar is the treatment Justice Saks gave to CPLR 214-c. He found inapplicable the delayed discovery concept of that provision in the absence of contact with a toxic substance; in any event, he observed, delay is extended to the time of discovery of the injury as opposed to its cause. Justice Saks likewise rejected the concept that the accrual could be extended by further use of the product. He wrote: "A single condition is not transformed into multiple conditions merely because earlier preventive medicine, i.e., cessation of typing on the computer, might have avoided the necessity for surgery.” He also rejected a concept of extension of accrual based on the last use of the product, a dynamic of CPLR 214-c in its earlier incarnation where there was a need to ameliorate the running of the statute when disease failed to become manifest until long after exposure had ceased. Finally, Justice Saks found it unnecessary to decide whether a cause of action based on a new and different injury would be barred merely because a distinct, previously known injury had first occurred beyond the limitations period. He remitted plaintiffs to a legislative remedy if his decision to exclude consideration of plaintiffs knowledge of the cause of the injury be deemed harsh.
In the cases at bar, the defendants rely on two discrete theories to attack the product liability claims. First, they proceed with a direct attack based on those cases where the record establishes the date of first injury or onset of symptoms. They argue that this is the date of accrual for personal injury actions, citing Schmidt v Merchants Desp. Transp. Co. (270 NY 287, 301) and Snyder v Town Insulation (81 NY2d 429, 432 [refusing to extend accrual to the date of last exposure where the injuries were alleged to have occurred much earlier at the date *498 of first exposure]). Second, they postulate a bar running from the date of last use of a defendant’s product which will bar other cases where the date of injury may be in doubt, citing Schmidt (supra, at 298) and Snyder (supra, at 434).
Plaintiffs argue strenuously for the application of CPLR 214-c to delay accrual until discovery of the cause of the injury. As a fail-back in the absence of CPLR 214-c they contend that continued exposure and reaggravation of prior injuries keeps these actions viable. Furthermore, they stress that the theory of these claims also rests on a failure to warn and failure to test and inspect — breaches of continuing duties extending to the present.
Much of the plaintiffs’ position rests on criticism of the Wallen decision (supra). They argue that it was ill-considered and is not binding on this court because the Appellate Division affirmed Justice Saks without opinion. Plaintiffs are right that an affirmance without opinion is not necessarily an adoption of the reasoning of the lower court nor an approval of its findings. (1 Carmody-Wait 2d, Courts and Their Jurisdiction § 2:61.) Yet, such an affirmance does not necessarily mean that it is made on grounds other than the ones given below especially where disagreement with them should result in reversal. (Ibid.) These observations are beside the point, however, in analyzing Wallen. There, the Appellate Division, while adding no opinion of its own, affirmed for the reasons stated by Justice Saks. This affirmance was manifestly an adoption of the reasoning at nisi prius. Consequently, it is no longer open to this court in the cases at bar to entertain plaintiffs’ criticisms of the Wallen decision. In short, the reasoning of Justice Saks is binding on me.
Plaintiffs’ attempts to apply CPLR 214-c[1] and a theory of continuing or aggravating injury are likewise barred by Wallen (supra). Their alternative concept of liability for failure to warn, though not expressly addressed in Wallen, fares no better. Wallen was decided under CPLR 214 which, as Justice *499 Saks wrote, "begins to run when the 'injury’ occurs.” Applied to the argument plaintiffs are raising, this quoted observation means that, whatever the merit may be to the continuing-duty-to-warn concept,[2] the claim accrued when injury first manifested itself or when use of the product ceased.[3] (Snyder v Town Insulation, supra, at 435 ["(O)ur holdings have consistently applied the date of injury rule”].) It was stated starkly in Schmidt v Merchants Desp. Transp. Co. (270 NY 287, 300, supra): "That does not mean that the cause of action accrues only when the injured person knows or should know that the injury has occurred. The injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action accrues. Except in cases of fraud where the statute expressly provides otherwise, the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury.”
In sum, plaintiffs and this court cannot escape the force of the Wallen decision (supra).[4] Their plaints that claims will be barred before the cause of the ailments is discovered are worthy of legislative consideration but unavailing in the cases at bar. As the Court of Appeals recognized in Schmidt (supra, at 302), "The Statute of Limitations is a statute of repose. At times, it may bar the assertion of a just claim.”

*500
Johansen v Honeywell, Inc.

Motion sequence 001 and 002 on the calendar of April 19, 1994 are consolidated for decision herein.

Johansen v IBM

International Business Machines Corporation (IBM) moves pursuant to CPLR 3211 (a) (5) to dismiss the claims of the Johansen plaintiffs against it on the ground that they are barred by limitations. This defense was stated in IBM’s answer. Plaintiff Alice F. Johansen complains that she suffers bilateral tendonitis of the upper extremities resulting from her use of IBM equipment. Her husband William sues derivatively. Mrs. Johansen ceased using the last of IBM keypunch equipment in March 1965. This action was commenced by filing on March 25, 1993. The claims of the Johansen plaintiffs were barred three years after the last date when Mrs. Johansen used IBM equipment because, manifestly, any injury from using it had to occur before its use was discontinued. As the Court stated in Schmidt (supra, at 300) "[T]he statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury.” Since the last use fell without the period of limitations, the Johansen claims against IBM are barred.

Avelenda v Amtote & General Instrument

Defendants Amtote International Inc. and General Instrument Corporation move pursuant to CPLR 3211 (a) (5) to dismiss the claims of plaintiff Nancy Avelenda against them as barred by limitations. This plaintiff claims bilateral carpal tunnel syndrome caused by her use of movants’ products. Her bill of particulars acknowledges the onset of symptoms in 1987. Since this action was commenced on March 25,1993, her claims against movants are barred. She failed to sue within three years of the onset of her injuries (Wallen v American Tel. & Tel. Co., supra).
Accordingly, it is ordered that the motion of IBM to dismiss the complaint against it of the plaintiffs Johansen on the ground of the bar of the Statute of Limitations is granted; and it is further ordered that the complaint of the Johansen plaintiffs is dismissed against IBM and the action severed and continued with respect to the other plaintiff and with respect to the Johansen plaintiffs against defendant Honeywell, Inc.; and it is further ordered that the motion of the Amtote *501 defendants to dismiss the complaint against them of Nancy Avelenda on the ground of the bar of the Statute of Limitations is granted; and it is further ordered that the complaint of plaintiff Nancy Avelenda is dismissed against Amtote International Inc., Amtote International, Inc., also known as American Totalisator Company, a subsidiary of General Instrument Corporation, and General Instrument Corporation and her action severed and continued with respect to the other plaintiffs and with respect to defendant Computer Science Corporation; and it is further ordered that the clerk is directed to enter judgment accordingly.

. Were CPLR 214-c applicable, there still would be no extension of accrual on a continuing wrong theory. (Jensen v General Elec. Co., 82 NY2d 77, 88 ["(T)he reasonable interpretation of (CPLR 214-c [2]), from the Legislature’s words and actions, is that it intended no continuing-wrong exception to its new comprehensive, across-the-board rules”]; cf., Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 300-301, supra ["Consequential damages may flow later from an injury too slight to be noticed at the time it is inflicted. No new cause of action accrues when such consequential damages arise. So far as such consequential damages may be reasonably anticipated, they may be included in a recovery for the original injury, though even at the time of the trial they may not yet exist”].)

. Plaintiffs’ argument that the defendants should be equitably estopped from relying on the Statute of Limitations seems to be but a recasting of the failure to warn theory. (Cf., Antone v General Motors Corp., 64 NY2d 20, 32.) "It is the rule that a defendant may he estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.” (Simcuski v Saeli, 44 NY2d 442, 448-449, and authorities there cited; see also, Barker, Estoppel From Raising Time Limit Defense, NYLJ, May 16, 1994, at 3, col 1.) Suffice it to say that the fundamental underpinnings of a claim of estoppel are absent in all the cases at bar.

. The defendants are not arguing that accrual takes place from the date of first exposure as the Third Department, Appellate Division held in Goyette v Mallinckrodt Inc. (204 AD2d 881 [sharply criticized by Judith Ellen Stone, Esq., Letters to the Editor, NYLJ, June 2, 1994, at 2, col 6]).

. The extensive and passionate citation of case law and invocation of the revered authority of Judge Learned Hand (Pieczonka v Pullman Co., 89 F2d 353) enlightens and entertains but extricates not the plaintiffs’ claims from the bar of limitations as interpreted in Wallen (supra). Lest plaintiffs fear that the court overlooked their extensive authorities, the court reassures that they have been examined with interest and found insufficient.