**Roger E. KUECHLER, L. Cris Collingwood and Edward P. Foehlinger, Plaintiffs,**

**v.**

**805 MIDDLESEX CORP., formerly known as Atex, Inc., Eastman Kodak Company and Harris Corporation, Defendants.**

**No. 93 Civ. 4445(MEL).**

United States District Court, S.D. New York.

Oct. 27, 1994.

Levy, Phillips & Konigsberg, New York City, for plaintiffs (Danielle M. Goodman, of counsel).

Nixon, Hargrave, Devans & Doyle, Rochester, NY, for defendants 805 Middlesex Corp. and Eastman Kodak Co. (David M. Schraver and Daniel J. Hurteau, of counsel).

LASKER, District Judge.

Roger E. Kuechler and L. Cris Collingwood allege that they have suffered personal injuries from the use of keyboard equipment designed, manufactured, sold or distributed by defendants 805 Middlesex (f/k/a "Atex") and Eastman Kodak, among others. Edward Foehlinger asserts a cause of action for loss of consortium resulting from injuries to his wife, Cris Collingwood.

"805" and Eastman Kodak move to dismiss this diversity suit on the ground that plaintiffs' claims are barred by the applicable statute of limitations. Because New York law is controlling, adjudication of this motion has been deferred pending resolution of an analogous motion made in a consolidated New York Supreme Court action.

## I

The question presented is whether, under New York law, plaintiffs' cause of action is barred by the statute of limitations. The controlling decisions are Justice Crane's master decision on the law in a consolidated action, *In Re: New York County Data Entry Worker Product Liability Litigation*, Index. No. 499000/93, and the First Department's affirmance of Justice Saks' ruling in another repetitive stress injury case, *Wallen v. American Telephone & Telegraph Co.*, Index No. 12336/91 (Sup.Ct. Bronx County, September 17, 1992). Those determinations establish the following propositions of New York law:

First, the applicable limitation period is three years from the time of injury. N.Y.C.P.L.R. § 214(5). *In Re: New York County Data Entry Worker Product Liability Litigation*, Index. No. 499000/93; *Wallen v. American Telephone & Telegraph Co.*, Index No. 12336/91 (Sup.Ct. Bronx County, September 17, 1992),· *aff'd*, 195 A.D.2d 417, 601 N.Y.S.2d 796 (1st Dept.), *appeal denied*, 82 N.Y.2d 659, 605 N.Y.S.2d 5, 625 N.E.2d 590 (1993).

■ Second, the discovery rule promulgated by N.Y.C.P.L.R. § 214–c is not applicable where, as here, the plaintiff alleges injury resulting from keyboard use. In *Wallen v. American Telephone & Telegraph Co.*, a First Department case decided in 1992, the Appellate Division affirmed Justice Saks' reasoning that because plaintiffs alleging repetitive stress injury from keyboard use claim no "contact" with a "substance" within the meaning of section 214–c, that discovery rule is not applicable to their claims. *Wallen*

at 2. *See also New York County Data Entry Worker Product Liability Litigation,* at 3–4. Accordingly, the three-year statutory period is to be measured from the time the injury occurs, not from the time the injury is discovered.

Moreover, the *Wallen* Court wrote, "even if this case had fallen under section 214–c, it is important to note that the statute fixes the significant date as the time of *discovery, actual or imputed, of the injury,* not the time of discovery of the *cause* of the injury." *Id.* (emphasis in original).

Third, "[a] single condition is not transformed into multiple injuries merely because earlier preventive medicine, i.e. cessation of typing on the computer, might have avoided the necessity for surgery." The time of injury is not extended by further exacerbating use of an injurious product. *Wallen* at 3; *See also New York County Data Entry Worker Product Liability Litigation* at 4.

Fourth, where a plaintiff, first injured prior to the three-year statutory period, alleges qualitatively different injuries occurring within the statutory period, he or she may sustain claims based on the distinct injuries. Justice Crane resolved this question in *Blau v. 805 Middlesex Corp.,* Index No. 124779/93, one of the consolidated *New York County Data Entry* cases. There, he granted defendants' motion to dismiss with respect to claims based on wrist injuries occurring more than three years before the commencement of the action, but denied the motion to dismiss claims based on cervical strain and herniated disk, diagnosed within the statutory period.

Of course, any "qualitatively different" injuries allegedly occurring within the statutory period must also have involved the defendants' products. *See New York County Data Entry Worker Product Liability Litigation* at 5; *See also Snyder v. Town Insulation,* 81 N.Y.2d 429, 433–34, 599 N.Y.S.2d 515, 615 N.E.2d 999 (1993).

## II

The critical question with respect to the allegations of both Mr. Kuechler and Ms. Collingwood is whether plaintiffs, each of whom claims a manifestation of symptoms more than three years before the filing of the single complaint, allege qualitatively different injuries first occurring within the statutory period.

As the allegations of the complaint now stand, the injuries specified clearly arose more than three years prior to the filing of the complaint. However, the complaint also alleges that each plaintiff "sustained new injury" and continues to do so.

It is conceivable, but not at all clear, that by this allegation the plaintiffs intended to allege a "qualitatively different" injury within the meaning of the previous cases.

Accordingly, the motion to dismiss will be granted unless, within 45 days, plaintiffs file, in good faith, an amended complaint alleging qualitatively different injuries occurring no more than three years prior to the filing of the complaint.

It is so ordered.