■ MARIO J. FORTE, Individually and as Administrator of the Estate of FRANCESCA FORTE, Deceased, Respondent, v IRWIN WEINER et al., Appellants. [624 NYS2d 596] —Order of the Supreme Court, Bronx County (Anne E. Targum, J.), entered September 15, 1994, which denied the motion and cross-mo-

tion by defendants for summary judgment, is unanimously modified, on the law, to the extent of granting summary judgment in favor of defendant Ortho Pharmaceutical Corporation, and otherwise affirmed, without costs or disbursements.

We note that defendants made a prior motion for summary judgment which the Supreme Court denied in an order affirmed by this Court (Forte v Weiner, 200 AD2d 421). The IAS Court, in the present order, denied the motions, inter alia, on the grounds there was no basis for a second motion for summary judgment. There was no newly discovered evidence and all the factual information and arguments were previously available. While generally successive motions for summary judgment not supported by new factual assertions and proofs are precluded (see, Levitz v Robbins Music Corp., 17 AD2d 801), such a motion is permitted where " 'sufficient cause' " for making the second motion is shown (Freeze Right Refrig. & Air Conditioning Servs. v City of New York, 101 AD2d 175, 180). In the instant matter, "sufficient cause" was shown by the decision in Snyder v Town Insulation (81 NY2d 429), rendered by the Court of Appeals subsequent to the prior order denying summary judgment.

In that case, the Court of Appeals held that the Statute of Limitations ran from the date of initial exposure by the plaintiffs to ureaformaldehyde foam insulation, i.e., the date of installation in their home. As noted recently by the Third Department:

"Contrary to plaintiff's contention, a cause of action for wrongful exposure to a toxic substance accrues upon the initial exposure to the substance, not the last exposure (see, Snyder v Town Insulation, 81 NY2d 429; Alexander, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214:5 [1994 Pocket Part, at 67]). Accordingly, unless plaintiff's cause of action is governed by CPLR 214-c, she had three years from the date of her first exposure to the substances complained of to commence her action for personal injury (see, CPLR 214 [5]). * * *

"Plaintiff contends, however, and Supreme Court found, that this action is governed by the discovery rule of CPLR 214-c for claims based upon exposure to toxic substances. We disagree. While it is true that CPLR 214-c provides that, in exposure cases, the three-year Statute of Limitations begins to run from the earlier of 'the date of discovery of the injury by the plaintiff or from the date when through the exercise of

reasonable diligence such injury should have been discovered by the plaintiff" (CPLR 214-c [2]), that provision is expressly inapplicable to any pre-July 1, 1986 acts or ommissions which caused an injury that was discovered or could have been discovered prior to that date and for which an action would have been time barred because the applicable period of limitation had expired before that date *(see,* CPLR 214-c [6] [a]-[c]). It is clear that plaintiff's exposure occurred prior to July 1, 1986 and that plaintiff discovered her injuries prior to that date. It is also clear that the then-applicable Statute of Limitations expired sometime in 1978. Because all three criteria of CPLR 214-c (6) have been met, the three-year Statute of Limitations governing plaintiff's claim is measured not from the date of discovery, but rather from the date of injury." *(Goyette v Mallinckrodt, Inc.,* 204 AD2d 881, 882-883, *lv denied* 84 NY2d 807.)

In like manner, the initial exposure of decedent herein occurred in 1972, she discovered her injury in 1983 and the then-applicable Statute of Limitations expired in 1975.

Accordingly, the motion for summary judgment should have been granted in favor of defendant Ortho. However, the motion by defendant Doctor Weiner was properly denied by the IAS Court. The Statute of Limitations for medical malpractice is two and one-half years from the date of the injury, "or last treatment where there is continuous treatment for the same * * * condition" (CPLR 214-a; *McDermott v Torre,* 56 NY2d 399, 405). The continuous treatment rule applies to the period if prescriptions are being issued by the doctor where there is a "continuing relationship" with the patient *(Stilloe v Contini,* 190 AD2d 419, 421). Contrary to defendant's contention, there was a showing that the doctor-patient relationship was ongoing in June 1983 and that defendant Weiner monitored decedent and referred her for treatment for her malignancy. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.