■ RUSSELL HARRELL, Appellant, v KOPPERS COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. JOHNS-MANVILLE PRODUCTS CORPORATION et al., Third-Party Defendants; LONG ISLAND LIGHTING COMPANY et al., Third-Party Defendants-Respondents. [629 NYS2d 778] —In an action to recover damages for personal injuries, (1) the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated October 26, 1993, which granted the defendant third-party plaintiff's motion for summary judgment dismissing the complaint, and (2) the defendant third-party plaintiff appeals, by permission, from an order of the same court, dated September 21, 1993, which denied its motion to amend the third-party complaint.

Ordered that the order dated October 26, 1993 is affirmed, with costs to the defendant third-party plaintiff; and it is further,

Ordered that the appeal from the order dated September 21, 1993, is dismissed as academic, with two bills of costs to the third-party defendants Long Island Lighting Company and Dravo Corporation.

Because the plaintiff was first exposed to the defendant's product, a coal-tar product known as pitch, in 1956, any cause of action for damages that resulted from the plaintiff's exposure accrued in 1956. Therefore, this action, which was commenced in 1979, is time-barred (see, Snyder v Town Insulation, 81 NY2d 429; Schmidt v Merchants Desp. Transp. Co., 270 NY 287; Silverman v North Shore Energy Savers, 202 AD2d 571).

Contrary to the plaintiff's contention, this Court, in a prior decision and order on motion dated August 19, 1993, did not hold that the Statute of Limitations defense could only be determined after a full trial on the issue. Rather, this Court deferred a ruling on the Statute of Limitations defense to the Supreme Court, which was free to determine the issue on a motion for summary judgment.

In light of the foregoing, the appeal of the defendant third-party plaintiff is academic. Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.