■ 11 ESSEX STREET CORP., Plaintiff, v TOWER INSURANCE COMPANY OF NEW YORK, Defendant. 11 ESSEX STREET CORP., Respondent, v 7 ESSEX STREET, L.L.C., Respondent, DESIMONE CONSULTING ENGINEERS et al., Appellants, and BERZAK GOLD, P.C., Respondent-Appellant, et al., Defendant. (And Other Actions.) [917 NYS2d 164]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 15, 2009, which, insofar as appealed from, granted plaintiff's motion to amend the complaint to add a cause of action for gross negligence and a demand for punitive damages against defendants Jeffrey M. Brown Associ-

ates, Inc., DeSimone Consulting Engineers, and Berzak Gold, P.C., and denied DeSimone's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

The record shows that Jeffrey M. Brown Associates knew that the building at 7 Essex Street would not tolerate the likely settlement of its foundations and that plaintiff's building had to be underpinned, and yet the record does not permit the conclusion as a matter of law that Brown fulfilled its responsibility to monitor the excavation every day. DeSimone was responsible for performing controlled inspections of the underpinning of plaintiff's building and knew that the building might be damaged during the excavation, and yet the record does not permit the conclusion that DeSimone took all necessary precautions to prevent damage to the building. Berzak Gold's principal knew that plaintiff's building had only a rubble slab footing and yet did not speak to plaintiff or ask to see any construction plans. The record presents issues of fact whether defendants' conduct "evinced a conscious disregard of the rights of others or [was] so reckless as to amount to such disregard" (*Wing Wong Realty Corp. v Flintlock Constr. Servs., LLC*, 71 AD3d 537, 538 [2010] [internal quotation marks and citation omitted]). Thus, the court properly permitted plaintiff to amend the complaint to add a cause of action for gross negligence against defendants, since the amendment caused no prejudice to them (*see Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 22 [2003]). As the faulty underpinning of a multistory building implicates public safety, if gross negligence is proved, punitive damages may properly be awarded (*see Fonda v 157 E. 74th Co.*, 158 AD2d 297 [1990]).

The court correctly denied DeSimone's motion for summary judgment on the grounds that it had denied a prior summary judgment motion by DeSimone and no new factual assertions and evidence were submitted or other sufficient cause shown for DeSimone's making the second motion (*see Jones v 636 Holding Corp.*, 73 AD3d 409 [2010]; *Forte v Weiner*, 214 AD2d 397 [1995], *lv dismissed* 86 NY2d 885 [1995]).

We have considered defendants' remaining contentions and find them without merit. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.