Bonnie HARTMAN, et ux.

v.

AT&T CORP., et al.

Civil Action No. WMN–95–475.

United States District Court,
D. Maryland.

May 3, 1996.

Carl E. Tuerk, Jr., Mary Rose E. Cook, Cooper, Beckman & Tuerk, Baltimore, MD, Stephen J. Phillips, Levy, Phillips & Konigsberg, New York City, Stephen J. Nolan, Nolan, Plumhoff & Williams, Townson, MD, for Bonnie Hartman and Richard Hartman.

Sharon A. Snyder, Ober, Kaler, Grimes & Shriver, Baltimore, MD, for AT&T Co., NCR Corp.

Kevin M. Murphy, Matthew J. Cuccias, Rockville, MD, Steven P. Benenson, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, NJ, for Unisys, Sperry Univoc, Sperry Rand Corp.

Andrew P. Fishkin, Edwards & Angeli, New York City, for AT&T.

### MEMORANDUM

NICKERSON, District Judge.

Pending before the Court are the motions for summary judgment filed by Defendants AT & T Corp. (Paper No. 9) and Unisys (Paper No. 10). Plaintiffs Bonnie and Richard Hartman have opposed the motions, and Defendants have replied. Upon a review of the pleadings and the applicable law, the Court determines that both motions will be granted.

### I. BACKGROUND

In the course of her employment as a Plant Assignment Clerk at Chesapeake & Potomac Telephone Co. of Maryland, Plaintiff Bonnie Hartman used keyboard equipment manufactured by Defendants AT & T Corp. ("AT & T") and Unisys that she alleges caused her to sustain repetitive stress injuries. Mrs. Hartman and her husband Richard Hartman originally filed suit on March 25, 1993 in the Eastern District of New York, alleging that AT & T and Unisys were liable under theories of negligence and strict liability for Mrs. Hartman's injuries. The action was subsequently transferred to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404.

Plaintiffs' Amended Complaint contains four counts. In addition to the claims of negligence (Count I) and strict products liability (Count II), Plaintiffs also seek damages for loss of services, society and consortium (Count III) and punitive damages (Count IV). Defendants AT & T and Unisys both filed Motions for Summary Judgment arguing that Plaintiffs' claims are barred by the statute of limitations and therefore, must be dismissed. This Court agrees.

### II. LEGAL STANDARD

It is well established that summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 mandates the entry of summary judgment against a party who, after reasonable time for discovery and upon motion, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial [and][t]he moving party is 'entitled to judgment as a matter of law.'" *Id.* at 323, 106 S.Ct. at 2552 (citations omitted).

If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Unsupported speculation is insufficient to defeat a motion for summary judgment. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (citing *Ash v. United Parcel Serv., Inc.,* 800 F.2d 409, 411–12 (4th Cir. 1986)). Moreover, the mere existence of

some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10. Thus, only disputes over those facts that might affect the outcome of the case under the governing law are considered to be "material." *Id.*

With these principles in mind, the Court will address the arguments presented by the parties.

## III. DISCUSSION

■ When a case is transferred from one federal district court to another, the transferee court must apply the choice-of-law principles of the transferor court. *Ferens v. John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). Since this case was transferred from a New York federal district court, New York's borrowing statute, N.Y. Civ. Prac § 202, applies in determining the issue of limitations. Section 202 provides, as applied in this instance, that:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state [New York] or the place without the state [Maryland] where the cause of action accrued.

Thus, if the action is untimely under either Maryland's or New York's statute of limitations, then the action must be dismissed as time-barred.

■ New York's statute of limitations for personal injury claims is three years. N.Y. Civ. Prac. § 214(5). As a general rule, a cause of action to recover for personal injury accrues on the date the injury is sustained. *Snyder v. Town Insulation, Inc.,* 81 N.Y.2d 429, 599 N.Y.S.2d 515, 615 N.E.2d 999, 1000 (1993); *Schmidt v. Merchants Despatch Transp. Co.,* 270 N.Y. 287, 200 N.E. 824, 827 (1936). The injury itself marks the date of accrual, regardless of when the negligent act occurred or when the plaintiff discovered the wrong. *Piper v. International*

*Business Mach. Corp.,* 219 A.D.2d 56, 639 N.Y.S.2d 623, 624 (4th Dept.1996) (citing *Kronos, Inc. v. AVX Corp.,* 81 N.Y.2d 90, 595 N.Y.S.2d 931, 612 N.E.2d 289 (1993)). Under New York law, the "date of injury" rule applies specifically to claims alleging repetitive stress injury due to the use of computer equipment. *Adams v. Key Tronic Corp.,* 1994 WL 594779 (S.D.N.Y. Oct.31, 1994) (finding that the discovery rule promulgated by section 214–c is not applicable where plaintiffs allege injury resulting from keyboard use); *see e.g., Piper,* 639 N.Y.S.2d at 624; *Wallen v. American Tel. & Tel. Co.,* Index No. 12336/91 (N.Y. Sup.Ct., Bronx County, Sept. 17, 1992), *aff'd,* 195 A.D.2d 417, 601 N.Y.S.2d 796 (1st Dept.), *leave to appeal denied,* 82 N.Y.2d 659, 605 N.Y.S.2d 5, 625 N.E.2d 590 (1993).

■ In determining the date of injury/accrual, the court in *Wallen* explicated that "an injury is deemed to have occurred for statute of limitations purposes no later than the time that the *injurious process first manifests itself.*" *Id.* (emphasis added). Judge Green, in a recent New York Appellate Division decision, considered the interests of fairness to both the defendant and the plaintiff and provided further clarification regarding the date of injury:

> The date of injury rule that has emerged from those repetitive stress injury cases is that accrual is measured from the earlier of two dates: the plaintiff's last use of the computer equipment or the onset of the plaintiff's symptoms.

*Piper,* 639 N.Y.S.2d at 626 (citations omitted). Judge Green reasoned that fixing the date of injury at the first onset of symptoms "deprives plaintiff of th[e] power [to put off the running of the Statute of Limitations indefinitely], but not a reasonable opportunity to bring her action." *Id.*

■ Defendants AT & T and Unisys argue that the Hartmans' claims against them are untimely under New York's three year limitation period for personal injury claims.[1]

---

1. Defendants also assert that the Hartmans' claims are untimely under the Maryland statute. The statute of limitations on a personal injury claim in Maryland is three years. Md. Cts. &

Jud. Proc. Code Ann. § 5–101 (1989). The period begins to run from the time a plaintiff knows or through due diligence should know that she sustained an injury which may be attributable to

Defendants present Mrs. Hartman's medical records and testimony under oath before the Maryland Workers' Compensation Commission as evidence that she began to experience symptoms in her right hand and arm in 1988. *See* Defendant AT & T's Exhibit B and Exhibit C at 9—10. Unisys proffers the additional argument that Plaintiffs' claims against it should be dismissed as untimely because Mrs. Hartman last used the Unisys equipment in 1989, more than three years from the date that she filed suit.

In response, the Hartmans argue that in the instant case, there exists no precise date of injury to be deemed the "accrual date." Plaintiffs assert that under *Snyder,* "accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint." *Snyder,* 599 N.Y.S.2d 515, 615 N.E.2d at 1000. Therefore, Plaintiffs assert, their claims against AT & T and Unisys did not accrue until it was determined that a work-related injury occurred and that AT & T was one of the potential tortfeasors. Plaintiffs argue that this did not happen until November 20, 1991 when Dr. McHugh diagnosed Mrs. Hartman with carpal tunnel syndrome and ulnar nerve entrapment.

■ This Court finds that contrary to Plaintiffs' assertion, Mrs. Hartman's claims alleging liability for repetitive stress injuries did not accrue in 1991, but at the latest, in 1989, when she experienced the symptoms of right carpal tunnel syndrome, as documented in the medical report prepared by Dr. Dean L. Mondell.[2] *See* AT & T's Exhibit B. Furthermore, referring to her evaluation by Dr. Mondell on August 15, 1989, Mrs. Hartman testified under oath, that "at that point in time [she] associate[d][her] hand problems with [her] employment." *See* Transcript of Proceedings Before the Maryland Workers' Compensation Commission, AT & T's Exhibit C at 9—10. As further evidence of her knowledge of the connection between her hand and wrist problem and the equipment

she used at work, Mrs. Hartman testified that she tried to alleviate the pain in her hand by trying to raise and lower her keyboard. *Id; see* Medical Report of Dr. Dean L. Mondell dated August 15, 1989, AT & T's Exhibit B.

The Court notes that Dr. Mondell's August 1989 report stated that the electrodiagnostic evaluation of the nerves and muscles tested showed no evidence that Mrs. Hartman was suffering from right sided carpal tunnel syndrome at that time, but significantly, it also stated that she had symptoms of carpal tunnel syndrome and "mild weakness in the right abductor pollicis brevis" which "may be consistent with early carpal tunnel syndrome [and] which is not detected by the electrodiagnostic studies." *Id.* In addition, the Court notes that *"from 1983 until 1989,* plaintiff utilized the equipment identified as the Sperry UNIVAC equipment," which is manufactured by Defendant Unisys. Deposition of Bonnie Hartman at 160—161, Unisys's Exhibit 8.

Applying the date of injury rule as articulated in *Piper,* the Court finds that Mrs. Hartman sustained the injury giving rise to her cause of action at the latest, in 1989, when she experienced the symptoms of carpal tunnel syndrome in her right hand and arm and when she last used the keyboard equipment manufactured by Unisys. *See Parajecki v. International Business Machs. Corp.,* 899 F.Supp. 1050, 1055 (E.D.N.Y. 1995). As the instant suit was commenced on March 23, 1993, the date of accrual falls outside of the three years limitations period and thus, Mrs. Hartman's claims based on negligence and strict liability are time-barred. It follows that the derivative claims of Mrs. Hartman's husband, Plaintiff Richard Hartman against AT & T and Unisys must also fail. *See e.g., Parajecki,* 899 F.Supp. at 1050.

## IV. *CONCLUSION*

The Court concludes that there are no genuine disputes of material fact and since

wrongdoing or a product defect. *Pennwalt Corp. v. Nasios,* 314 Md. 433, 452, 550 A.2d 1155 (1988). The Court finds, however, that since the Hartmans' claims are time-barred under the New York statute, it is unnecessary to reach the Maryland limitations issue.

2. During her evaluation by Dr. Mondell in 1989, Mrs. Hartman reported that she had experienced the onset of wrist pain about a year earlier.

**956**

Plaintiffs' claims are barred by the statute of limitations, judgment must be entered in favor of Defendants AT & T and Unisys as a matter of law. The Court will, therefore, grant both AT & T's and Unisys's Motions for Summary Judgment. A separate Order will issue.

### *ORDER*

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this 3rd day of May, 1996, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant AT & T Corp.'s Motion for Summary Judgment (Paper No. 9) is GRANTED; and

2. That Defendant Unisys's Motion for Summary Judgment (Paper No. 10) is GRANTED; and

3. That judgment is hereby ENTERED in favor of Defendants AT & T Corp. and Unisys, and against Plaintiffs Bonnie and Richard Hartman; and

4. That the Clerk of the Court CLOSE this case; and

5. That the Clerk of the Court shall mail copies of the foregoing Memorandum and this Order to all counsel of record.