MEMORANDUM
 

 JUNE L. GREEN, District Judge.
 

 This matter is before the Court on Defendant Olivetti Office USA, Inc.’s (“Olivetti”) Motion for Summary Judgment. As grounds, Olivetti states that Plaintiff is time barred from bringing this action according to the applicable statute of limitations. For the reasons set forth below, the Court grants Olivetti’s motion.
 

 Background
 

 This cause of action, originálly part of a multiparty case brought in the United States
 
 *6
 
 District Court for the Eastern District of New York, was severed and transferred to this Court pursuant to Fed.R.Civ.P. 21 and 28 U.S.C. § 1404(a) on May 27,1994.
 

 The underlying claims in this case involve the so-called “repetitive stress injuries” (“RSI”) that allegedly result from long-term, constant use of certain keyboard equipment. The Complaint alleges that Olivetti (and others) manufactured and sold defective keyboards and that Plaintiff used one of the keyboards during the course of her employment. Plaintiff alleges that the supposed defective nature of the keyboard, as well as Olivetti’s failure to warn of this condition, resulted in injury to her.
 
 [1]
 

 (See
 
 Compl.)
 

 On December 8, 1995, the Court granted a similar motion for summary judgment filed by a former co-defendant, Barrister Information Systems Corporation (“Barrister”).
 
 Harrison v. The Olivetti Office USA, Inc.,
 
 No. 94cv1167, 1995 WL 904852 (D.D.C. Dec. 8, 1995). In dismissing Barrister’s case, the Court concluded that the New York statute of limitations was applicable and that it barred Plaintiffs suit because Plaintiff last used Defendant’s product more than three years prior to the commencement of her case.
 
 Id.
 
 at 11.
 

 MATERIAL FACTS
 

 The following are material facts as to which there is no genuine issue or dispute:
 

 1. Plaintiff, Brenda Carole Harrison, is a citizen of the District of Columbia. (Stat. Mat.Facts at ¶ 1.)
 

 2. Plaintiff has been employed as a legal secretary at the offices of Powell, Goldstein, Frazer & Murphy since July 1986. (Stat. Mat.Facts at ¶ 4.)
 

 3. On March 29, 1990, Plaintiff was treated by Dr. Joel Schectman of the George Washington University Medical Center for “spasm and numbness in both hands” after typing a week earlier. Plaintiff had experienced similar spasms and numbness in the past but they did not persist as long. Dr. Scheetman’s assessment was “most likely carpal tunnel.” (Stat.Mat.Facts at ¶ 5.)
 

 4. Plaintiff filed the Complaint in this action in the United States District Court for the Eastern District of New York on April 7, 1993. (Stat.Mat.Faets at ¶ 2.)
 

 5. Plaintiff’s case was transferred to this Court on May 27, 1994. (Stat.Mat.Facts at ¶ 3.)
 

 II.
 
 DISCUSSION
 

 A. Summary Judgment Standard
 

 Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
 

 Once the moving party identifies facts which, if uncontroverted, would entitle the movant to summary judgment, the burden shifts to the nonmoving party to come forward with specific material facts demonstrating that there is a genuine issue for trial.
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 247-249, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). The party opposing the motion must go beyond the pleadings and provide affidavits or “depositions, answers to interrogatories, and admissions on file” in order to designate “specific facts showing that there is a genuine issue for trial.”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)). The Supreme Court in
 
 Anderson
 
 explained that a genuine issue of material fact is a “dispute over facts that might affect the outcome of the suit under the governing law____”
 
 Anderson v. Liberty Lobby, Inc., 477
 
 U.S. at 247, 106 S.Ct. at 2509-10.
 

 In deciding a motion for summary judgment, the material before the Court “must be viewed in the light most favorable to the [nonmoving] party.”
 
 Adickes v. S.H. Kress and Co.,
 
 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if a reasonable jury could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.
 
 *7
 

 Anderson v. Liberty Lobby, Inc., 477
 
 U.S. at 252, 106 S.Ct. at 2511-12.
 

 B. Applicable Statute of Limitations
 

 This Court has on two previous occasions analyzed the statute of limitations’ question and concluded that the New York statute of limitations is applicable in cases with an identical procedural posture.
 
 See Harrison v. The Olivetti Office USA, Inc.,
 
 No. 94cv1167 (D.D.C. Dec. 8,1995);
 
 Smith v. Memorex Corp.,
 
 No. 94cv1163 (D.D.C. April 4, 1996). The Court also held that the discovery of the injury exception found in N.Y.Civ.Prae.L.
 
 &
 
 R. § 214-e does not apply to the type of injury at issue here and, therefore, the statutory period is three years from the date of injury.
 
 Id.
 
 In reaching these conclusions, the Court relied on a New York Appellate Division decision adopting a lower court ruling which held that Section '214-c was not applicable to a claim for “bilateral carpal tunnel syndrome.”
 
 Wallen v. American Tel. & Tel. Co.,
 
 Index No. 12336/91 (N.Y.Sup.Ct. Bronx County, Sept. 17, 1992),
 
 affd,
 
 195 A.D.2d 417, 601 N.Y.S.2d 796 (1st Dep’t),
 
 leave to appeal denied,
 
 82 N.Y.2d 659, 605 N.Y.S.2d 5, 625 N.E.2d 590 (1993).
 
 [2]
 

 In
 
 Smith,
 
 the Court confronted the issue of whether the injury occurs at the onset of symptoms (triggering the statutory period) or whether the injuries were ongoing with no precise moment of injury. Relying on the
 
 Wallen
 
 decision, this Court concluded that the onset of symptoms was the event that triggered the running of the statute and that exacerbation of existing injuries did not extend the statute of limitation period.
 
 Smith v. Memorex Corp.,
 
 No. 94cv1163 (D.D.C. April 4, 1996) at 10, 1996 WL 680986,
 
 citing Wallen v. American Telephone & Telegraph,
 
 Index No. 12336/91 (N.Y.Sup.Ct. Bronx County, Sept. 17, 1992). Any new injuries had to be “qualitatively different.”
 
 Id.
 
 This conclusion is supported by a recent decision of New York’s Fourth Judicial Department, Appellate Division,
 
 Piper v. International Business Machines Corporation,
 
 219 A.D.2d 56, 639 N.Y.S.2d 623 (1996). The
 
 Piper
 
 court, agreeing with the
 
 Wallen
 
 decision, determined that the date of injury is the date of the first onset of symptoms and not the date of first exposure nor the “date of actual awareness of the nature of the injury.”
 
 Id.
 
 639 N.Y.S.2d at 626.
 

 Turning to the facts here, it is undisputed that the Plaintiff sought medical attention on March 29, 1990, after experiencing spasms and numbness in both hands. (Stat. Mat.Facts at ¶5.) After examination, the physician concluded that the symptoms likely indicated carpal tunnel injury.
 
 Id.
 
 Accordingly, the Court finds that the onset of Plaintiffs symptoms, and therefore her injury, occurred prior to March 29,1990. Insofar as the Complaint in this case was filed on April 7, 1993, Plaintiffs claims against Olivetti are time-barred by New York’s three-year statute of limitations period. The Court, therefore, grants summary judgment for Olivetti.
 

 Conclusion
 

 For the reasons stated, this Court concludes that the New York three-year statute of limitations applies to this case and that the Plaintiffs injuries occurred more than three years prior to the filing of suit. Accordingly, the Court concludes that Plaintiffs claims are time-barred. The Court therefore enters judgment in favor of Olivetti. An appropriate Order accompanies this Memorandum.
 

 [1]
 

 . Plaintiff was diagnosed with Bi-lateral Carpal Tunnel Syndrome.
 

 [2]
 

 .
 
 Parajecki v. IBM Corp.,
 
 899 F.Supp. 1050 (E.D.N.Y.1995) (granting motions for summary judgment in favor of Defendants finding that Section 214-c was not applicable and therefore Plaintiff’s RSI claims were time-barred),
 
 citing Johansen v. Honeywell, Inc.,
 
 Index No. 107519/93 (N.Y.Sup.Ct.N.Y.County Aug. 17, 1994);
 
 Lorraine v. IBM Corp.,
 
 Index No. 28151/92 (N.Y.Sup.Ct., N.Y.County, Aug. 17, 1994) (finding that the holding and affirmance of
 
 Wallen
 
 was binding and that Section 214-c was therefore inapplicable to product liability claims in Repetitive Stress Injury cases);
 
 Brooks v. IBM Corp.,
 
 Index No. 23720/92 (N.Y.Sup.Ct., N.Y.County, Aug. 16, 1994) (holding that claims against a defendant are barred three years after plaintiff has ceased using the product at issue because any alleged injury had to have occurred before use of the product was discontinued);
 
 Adams v. Key Tronic Corp.,
 
 94-CV-0535, 1994 WL 594779 (S.D.N.Y. Oct. 31, 1994) (holding that applicable statute of limitations in RSI cases is three years from the date of injury and that Section 214-c discovery rule is not applicable for alleged injury from keyboard use).