**Marice DORSEY, Plaintiff,**

**v.**

**APPLE COMPUTERS, INC., Defendant.**

**No. CV 96–2197 (JBW).**

United States District Court,
E.D. New York.

Oct. 22, 1996.

Steven J. Phillips, Danielle Goodman, Levy Phillips & Konigberg, L.L.P., New York City, for Plaintiff.

Hildy Bowbeer, Bowman & Brooke, Minneapolis, MN, William D. Wall, Christopher J. Kutner, Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, P.C., Uniondale, NY, for Defendant.

## AMENDED MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge:

Plaintiff sues in diversity for repetitive stress injuries (RSI) allegedly caused by her use of a computer keyboard, "mouse," and other computer equipment manufactured by defendant. Relying on the New York statute of limitations, defendant moves for dismissal. It contends that the statute began to run when plaintiff first touched a computer keyboard in 1988. The motion must be denied.

### I. FACTS

Plaintiff made some trivial use of computer keyboards and a computer mouse when employed part-time at Yale University in 1988; she had no symptoms or pain. Beginning in 1992 her job required her to use defendant's computer equipment intensively. Early in 1993 she first had severe pain in her right hand, wrist and elbow. Experts for both plaintiff and defendant agree that they can determine the approximate time that her tissues were sufficiently adversely affected to be characterized medically as "injured" or "diseased"—although they disagree as to the cause. The plaintiff's expert witnesses conclude that plaintiff's injury did not occur until January 1993, some two months before she experienced pain, and that the injury was due to her use of defendant's computer. She commenced this action less than a year and a half later on March 28, 1994. Defendant's experts conclude that her pain was the result of an earlier auto accident and had nothing to do with computer use.

### II. LAW

The three year New York statute of limitations "for a personal injury" begins to run at the time of the injury. *See* New York Civil Practice Law and Rules (CPLR) 203(a), 214(5). CPLR 203(a) explicitly provides that, in the absence of special circumstances, not present in this case, "The time within which an action must be commenced ... should be computed from the time the cause of action accrued to the time the claim is interposed."

A defendant bears the burden of establishing the affirmative defense of untimeliness. *See* CPLR 3018–b; *Martin v. Edwards Labs., Div. of Am. Hosp.*, 60 N.Y.2d 417, 428, 457 N.E.2d 1150, 1156, 469 N.Y.S.2d 923, 929 (1983); 3 Harold L. Korn, Arthur R. Miller, et al., *New York Civil Practice* ¶ 3018.13 n.95 (1996).

The New York Court of Appeals has not yet ruled on when the statute of limitations begins to run in RSI cases. Its view must be predicted. *See, e.g., Findley v. Falise (In re Joint E. & S. Dist. Asbestos Litig.)*, 929 F.Supp. 1, 4 (E. & S.D.N.Y.1996); *Braune v. Abbott Labs.*, 895 F.Supp. 530, 542 (E.D.N.Y. 1995); *In re E. & S. Dist. Asbestos Litig.*, 772 F.Supp. 1380, 1389 (E. & S.D.N.Y.1991), *rev'd in part on other grounds sub nom. In re Brooklyn Navy Yard Asbestos Litig. (Joint E. & S. Dist. Asbestos Litig.)*, 971 F.2d 831 (2d Cir.1992).

The court's role under *Erie* is to predict, or more properly to ascertain, the decision that the state's highest court would reach *today*. The process is not prediction in its future-oriented sense, but rather in the sense that the court is guessing what another deciding body would do.

Jed I. Bergman, Note, *Putting Precedent in its Place: Stare Decisis and Federal Predictions of State Law,* 96 Colum.L.Rev. 969, 970 n. 3 (1996) (emphasis in original).

The Appellate Division, Fourth Department, in applying the statute of limitations to RSI, comprehensively analyzed applicable case law. *See Piper v. International Bus. Mach.,* 219 A.D.2d 56, 639 N.Y.S.2d 623 (4th Dep't 1996). *Piper* concluded that New York courts have developed "three distinct lines of cases addressing accrual in situations where, as here, the development of the condition for which compensation is sought is not immediately apparent to the injured plaintiff." 219 A.D.2d at 59, 639 N.Y.S.2d at 625. Summarizing *Piper,* the three lines and authorities supporting them are as follows:

First, in cases involving latent injuries from exposure to substances, New York courts developed a rule in which the three year statute of limitations period began to run with the inhalation or injection of the substance, often long before the harm set in motion developed into a full-blown disease. *See Schmidt v. Merchants Desp. Transp. Co.,* 270 N.Y. 287, 300–01, 200 N.E. 824, 827 (1936). The New York legislature replaced this bright-line but harsh exposure rule with CPLR 214–c, a provision that directs the court to make a series of determinations based on the date of discovery of both the symptoms and the cause of injury and to consider possible delays in discovery related to developing scientific knowledge. *See Braune v. Abbott Labs.,* 895 F.Supp. 530, 542–43 (E.D.N.Y.1995).

Second, in cases involving foreign objects accidentally left inside people's bodies, the New York Court of Appeals has held that the statutory period for medical malpractice actions begins to run when the patient reasonably could have discovered the malpractice. *See Flanagan v. Mount Eden Gen. Hosp.,* 24 N.Y.2d 427, 430–31, 248 N.E.2d 871, 872–73, 301 N.Y.S.2d 23, 27 (1969). The New York legislature codified the rule of *Flanagan* in CPLR 214–a.

Third, the residual line applicable to most tort cases requires fixing the date of injury. *See Piper v. International Bus. Mach.,* 219 A.D.2d 56, 58–59, 639 N.Y.S.2d 623, 624 (4th

Dep't 1996); *Victorson v. Bock Laundry Mach. Co.,* 37 N.Y.2d 395, 403, 335 N.E.2d 275, 279, 373 N.Y.S.2d 39, 44 (1975).

The second line—objects accidentally left in the body—obviously does not apply. The first—latent injuries from exposure covered by CPLR 214–c—may apply to RSI, but need not be considered in the instant case. The third clearly applies under the persuasive *Piper* analysis in this federal diversity case. *See also* 2 Harold L. Korn, Arthur R. Miller, et al., *New York Civil Practice* ¶¶ 203.01, 203.04 (1996).

■ New York courts attempt to strike a balance between the needs of plaintiffs in pursuing a claim, and the needs of defendants in responding without inappropriate delays. *See, e.g., Caffaro v. Trayna,* 35 N.Y.2d 245, 250–51, 319 N.E.2d 174, 176–77, 360 N.Y.S.2d 847, 850–51 (1974) (need of defendant for prompt assertion and "a balancing sense of fairness to the claimant that he shall not unreasonably be deprived of his right to assert his claim"); *Martin v. Edwards Labs., Div. of Am. Hosp.,* 60 N.Y.2d 417, 426, 457 N.E.2d 1150, 1154, 469 N.Y.S.2d 923, 928 (1983) ("a fair assessment of the policy balance"). As the New York Court of Appeals has repeatedly emphasized, the length of time that a plaintiff "should [have] to assert his claim ... depends on a nice balancing of policy considerations." *Victorson v. Bock Laundry Mach. Co.,* 37 N.Y.2d 395, 403, 335 N.E.2d 275, 279, 373 N.Y.S.2d 39, 44 (1975).

■ Absent a statutory or judicially-developed exception, New York courts balance the rights of defendant and plaintiff by looking neither to the date that the plaintiff becomes aware of the injury, nor to the date of defendant's wrongdoing, but to the date of injury. As Judge Cardozo explained, while a New York court will not "give a remedy for ancient and forgotten wrongs, ... [a] cause of action does not accrue until its enforcement becomes possible." *Jacobus v. Colgate,* 217 N.Y. 235, 245, 111 N.E. 837, 840 (1916). An injury is an essential element of a tort cause of action.

New York courts have insisted on this rule of injury in the intervening years. Summar-

izing the principle, the Court of Appeals commented that "the action accrues only when there is some actual deterioration of a plaintiff's bodily structure.... [T]he statute doesn't begin to run until the defendant's wrong harms the plaintiff." *Schwartz v. Heyden Newport Chem. Corp.*, 12 N.Y.2d 212, 217, 188 N.E.2d 142, 144, 237 N.Y.S.2d 714, 717 (1963). It succinctly reaffirmed its clear and long considered view in declaring that:

[A]s a general proposition, a tort cause of action cannot accrue until an injury is sustained.... That, rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual.... The Statute of Limitations does not run until there is a legal right to relief. Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint.

*Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94, 612 N.E.2d 289, 292, 595 N.Y.S.2d 931, 934 (1993) (citations omitted). *See also, e.g., Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 432–33, 615 N.E.2d 999, 1000–01, 599 N.Y.S.2d 515, 516–17 (1993).

■ There is a distinction in the cases between external substances that have somehow been absorbed or integrated into a person's body and those that have not. Where a foreign item has not been "assimilated," *Martin v. Edwards Labs.*, 60 N.Y.2d 417, 424, 457 N.E.2d 1150, 1153, 469 N.Y.S.2d 923, 926 (1983), and the courts have been able to fix a date of harm, the New York courts use that identifiable date of injury as the beginning of the statutory accrual period. *See Martin*, 60 N.Y.2d at 428, 457 N.E.2d at 1155–56, 469 N.Y.S.2d at 929 (statutory period began on the date of injury-causing malfunction—deterioration of heart valve in one case and introduction of bacteria into uterus from an IUD in other consolidated case); *Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 435–36, 615 N.E.2d 999, 1002–03, 599 N.Y.S.2d 515, 518–19 (1993) (plaintiffs experienced injury, according to their own pleadings, "about the date of installation" of insulation materials; statute of limitations began to run at that time); *Piper v. International Bus. Mach. Corp.*, 219 A.D.2d 56, 62, 639 N.Y.S.2d 623, 627 (4th Dep't 1996) (running of statute of limitations for carpal tunnel syndrome in left hand began at time plaintiff began to experience pain). In contrast, where exposure results in diseases such as cancer, whose "insidious and 'inherently unknowable' nature," *Schwartz v. Heyden Newport Chem. Corp.*, 12 N.Y.2d 212, 216, 188 N.E.2d 142, 145, 237 N.Y.S.2d 714, 718 (1963), makes the exact date of bodily injury too enigmatic to ascertain with anything approaching certainty, New York courts, prior to the enactment of CPLR 214–c, used an exposure date as the closest approximation courts could reasonably make to the date of injury.

However time of injury is determined, it is only at the point of harm that the plaintiff begins to have a cognizable claim, and the statute of limitations begins to run. Thus, the decision in *Blanco v. American Tel. & Tel. Co. et al.*, 223 A.D.2d 156, ——, 646 N.Y.S.2d 99, 104 (1st Dep't 1996), suggesting that in an RSI case the statute begins to run with the plaintiff's "first use of [a] keyboard" even though there is no injury until repeated subsequent use and stress actually causes harm, cannot be accepted as an accurate statement of New York law. What the *Blanco* court itself recognized would be "regrettable results" in RSI cases were that the rule are neither required nor permitted under New York law.

## III. APPLICATION OF LAW TO FACTS

■ The time that the statute of limitations begins to run in RSI cases presents a science-law issue. Here, the medical evidence produced by plaintiff indicates that the deterioration in plaintiff's body did not occur when she first touched a computer keyboard. It took place much later, only after intense use on her job of defendant's computer equipment, well within three years of commencing the suit. Only if defendant can convince the jury that the injury occurred more than three years before the action was commenced can it succeed with a statute of limitations defense. As the case now stands, plaintiff alleges and has shown it likely that

her injuries occurred no earlier than January 1993, some 13 months before she filed suit.

## IV. CONCLUSION

The motion to dismiss on the basis of the statute of limitations is denied.

So ordered.